■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CANSLER, Appellant. — Appeals by defendant from (1) a judgment of the County Court, Nassau County (Indictment No. 46149; McGinity, J.), rendered April 14, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence and (2) a further judgment of the same court (Indictment No. 46158; Lockman, J.), rendered May 31, 1978, convicting him of robbery in the first and second degrees and grand larceny in the second degree, upon his

plea of guilty, and imposing sentence. Judgments affirmed. Defendant's conviction under Indictment No. 46149 arose out of a robbery at a Chemical Bank branch located in Lynbrook, Long Island. The robbery was allegedly committed by the defendant and two codefendants, Warner Gates and Jackie Caldwell. All three were jointly tried. On November 13, 1979, this court affirmed Caldwell's conviction (*People v Caldwell,* 72 AD2d 973), and on July 6, 1981, the conviction of Gates was affirmed (*People v Gates,* 83 AD2d 795). On the instant appeal, we have reviewed the entire record, and find no reversible error was committed with respect to the defendant. Insofar as the defendant's conviction under Indictment No. 46158 is concerned, the record reveals that defendant entered a plea of guilty in open court and in the presence of counsel. The plea colloquy demonstrates a voluntary and knowing plea, including a waiver by defendant of all relevant constitutional rights. Subsequently, the defendant was sentenced, *inter alia,* to a 10- to 20-year term of imprisonment to run concurrently with any other sentence he was then serving. In view of the foregoing, there is no merit to the issues raised on defendant's appeal from the judgment entered upon his plea. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.